

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| SIMER SINGH, | § | No. 08-11-00016-CV |
| Appellant, | § | Appeal from the |
| v. | § | 342nd District Court |
| TRINITY MARKETING & DISTRIBUTING CO., INC., | § | of Tarrant County, Texas |
| Appellee. | § | (TC# 342-248468-10) |

**O P I N I O N**

Appellant Simer Singh appeals the trial court's denial of her petition for bill of review after a default judgment was entered against her in favor of Trinity Marketing & Distributing Co., Inc. (Trinity). Finding no error, we affirm.

**BACKGROUND**

Singh is the President and registered agent of Azle Fuel Mart, Inc. (Azle). Trinity filed suit against Singh, individually, and Azle on April 7, 2009. On July 6, 2009, the trial court signed a default judgment in favor of Trinity. The judgment contains a recital that citation was served on Singh and Azle in accordance with the provisions of Rules 106 and 107 of the Texas Rules of Civil Procedure, which set forth the methods of service and return of service, and that neither Singh nor Azle had appeared or answered with respect thereto. TEX. R. CIV. P. 105, 106.

More than a year later, on September 29, 2010, Singh filed a petition for bill of review supported by Singh's affidavit wherein she states that she is not involved in the operations of Azle in any form, was not a party to the contract with Trinity, and serves as the President of Azle in name only. According to Singh, her husband, without Singh's knowledge, negotiated a contract with Trinity. Singh stated that she was not present in the United States between February 5, 2009 and May 7, 2009, or between May 28, 2009 and July 2, 2009, when Trinity filed suit, when substitute service was obtained, or when the default judgment was entered against her. Singh noted that she was never served with citation of the lawsuit, and knew nothing of the judgment until her husband informed her that Trinity intended to take her post-judgment deposition. Singh alleged that her failure to appear in the lawsuit was a result of Trinity failing to properly serve her.

Trinity answered Singh's petition for bill of review and presented affidavit evidence that Singh is the registered agent for Azle, and noted that Singh's registered-agent address on file with the Texas Secretary of State is the same as Singh's residential address. Trinity also submitted Singh's post-judgment deposition testimony wherein Singh explains that she is a stay-at-home mother, has no knowledge of any business transactions between Azle and Trinity or that she was one of only two shareholders and directors of Azle, denied knowing that her husband establishes businesses naming her as a registered agent, principal, or general manager, and denied knowing whether her husband builds or operates hotels or operates any gas stations. Singh then admitted that her husband has transacted business in her name with her consent and that she signs bank and loan documents and, possibly, company documents when her husband directs her to do so.

Trinity presented affidavits of other witnesses as part of its response to Singh's bill of review. In his affidavit, Trinity's counsel, Donald H. Grissom, stated that his request to Azle's counsel that he accept post-judgment discovery requests for Singh and Azle was rejected.

2

The affidavit of Donald R. Moreno was offered in support of Trinity's response that substituted service was properly achieved after attempts at personal service had failed. Moreno explained that at 12:30 p.m. on April 16, 2009, he attempted to serve citation and Trinity's original petition upon Singh at her residence in Irving, Texas. After repeatedly knocking and ringing the door bell, Moreno left a notice directing Singh to contact him.

Moreno made two subsequent attempts to serve Singh on April 21, 2009. When Moreno's 1:20 p.m. service attempt was unsuccessful, he left another notice requesting that Singh contact him. Moreno made his second attempt that day at 8:20 p.m. and, upon receiving no response at the residence, he confirmed Singh's residence with a next-door neighbor. The neighbor called Singh's residence and spoke with Singh's sister who then informed Moreno that Singh would be in San Antonio until mid-May while establishing a new business.[1] Singh's sister refused to provide Singh's location or phone number to Moreno.

On April 24, 2009, Leonard Margolis, attorney for Azle, advised Trinity's attorney, Grissom, that he represented "the defendants," and had heard that a lawsuit had been filed against them. Grissom sent Margolis a copy of the petition as well as a mechanic's lien on Azle's property, asked Margolis if he would accept service, and informed Margolis that he would seek substitute service if Margolis would not accept service. Margolis informed Grissom that he would consult with his clients but later responded that he was not authorized to accept service on behalf of the defendants.

Moreno twice more attempted service on Singh at the residence on April 27, 2009, and April 30, 2009, but no one answered the door. Moreno then executed an affidavit which formed the basis for Trinity's motion for substituted service. The trial court's order thereon permitted

---

[1] Singh and her sister lived at the residence with their husbands, who are brothers.

3

Trinity to achieve service by delivering copies of the citation, pleading, and order of substituted service to a person over the age of 16 at the address, by attaching them to the front door, or by sending them by first-class mail without the need for a receipt.[2]  The return of service indicated that service was accomplished by first-class mail.

At the initial bill-of-review hearing, after Singh's counsel stated that he did not deny that service by mail was sent to the proper address but asserted that Singh did not personally receive it, the trial court noted:

> I've got an affidavit saying that that was properly addressed to her . . . at that address. . . . But the point of the Rule, Counsel, is that you don't get to come in and say – if you avoid service, and you are avoiding service, and I've got evidence that you're avoiding service, the point [is] that due process, you don't get to avoid service willy-nilly and you don't get to come back later on and say, ["]Gee, I didn't get it,["] when you avoid service to begin with . . . and there's no evidence in here anywhere that this came back . . . . I've got a return of service from . . . the process server that it was properly mailed.  I've got . . . no indication that it came back in any way, shape or form. . . . It was properly served in terms of placed in the mail. And when it's placed in the mail pursuant to an order of the Court for substituted service, it's served. . . .This isn't a matter about whether you liked the way it was served or whether it could have been served . . . in another manner.   This is the way it was served.  This is the way it was ordered to be served.  And there was evidence for the Court to [support] it.  And you haven't attacked that evidence[.] . . .  [Y]ou seem to be thinking that being out of the country matters here.  Okay. If this letter was sent, which it – I've got evidence in the original record saying it was, in fact, sent the way it was ordered to be sent . . . then it was served when it was placed in the mail. . . . And . . . as long as it was properly addressed to that address, then service . . . was effective.   And the only reason they went to that point is because apparently there were games being played as to who was . . . home at what time. . . .
>
> Counsel, I'm looking at your Bill of Review. . . . And I'm not seeing any citation to authority that says that . . . a lack of receipt is a basis for bill of review if, in fact, substituted service was appropriately effective. . . . [B]y simply having her come in and say, ["]I never got it,["] that defeats the whole purpose of substituted service to begin with.

---

[2]  As discussed below, the order granting substituted service has not been included in the appellate record.   Without objection, these facts were recited into the record by the trial court in open court during the bill-of-review hearing after the trial court had returned from a recess during which it had considered pleadings, legal authority, its file, and its order granting substituted service.

The courts have sustained substituted service as appropriate due process notice under these circumstances. You have not demonstrated . . . that the grounds for the substituted service were inappropriate. . . . [I]f all you ever had to do is come in and say, ["]No, I never really got it,["] then the rule of substituted service, what's the point? There's no point to it.

The trial court continued the hearing to allow Singh an opportunity to present authority and reurge her motion. Upon reconvening, Singh's counsel presented its authority to the trial court and contended that if it was permitted a trial on the bill of review, it would present arguments that Singh never received service. In response, Trinity noted that the case authority upon which Singh relied addressed a situation involving personal service only and explained that, under substituted service, proof of actual service on Singh was not required.

The trial court denied Singh's bill of review, noting that permitting a party to assert that substituted service was not personally received would result in a bill of review being filed in every instance of substituted service.

## DISCUSSION

In three issues, Singh contends the trial court abused its discretion by denying her bill of review.

### Standard of Review

When reviewing a trial court's grant or denial of a bill of review, we indulge every presumption in favor of the court's ruling, which we will not disturb absent an affirmative showing that the trial court abused its discretion. *Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 293 (Tex. App. – Houston [14th Dist.] 2002, no pet.). A trial court abuses its discretion only if it has acted in an unreasonable or arbitrary manner, or without reference to any guiding rules and principles. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991).

### Bill of Review

5

A bill of review is an equitable proceeding to set aside a judgment that is no longer appealable or capable of being challenged due to the expiration of the trial court's plenary power. TEX. R. CIV. P. 329b(f); *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004). Because of the importance of according finality to judgments, the petitioner's burden is heavy and the grounds on which relief may be obtained by bill of review are narrow and defined. *See King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003); *Transworld Fin. Serv. Corp. v. Briscoe*, 722 S.W.2d 407, 407 (Tex. 1987).

Ordinarily, to set aside a judgment by bill of review, the petitioner must "plead and prove (1) a meritorious defense to the cause of action alleged to support the judgment, (2) that he was prevented from making by the fraud, accident or wrongful act of his opponent, (3) unmixed with any fault or negligence of his own." *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998), *citing Transworld*, 722 S.W.2d at 408. Where a party is not served, constitutional due process relieves a petitioner of showing a meritorious defense, that his opponent's fraud, accident, or wrongful act prevented the petitioner from presenting the defense, and his own want of fault or negligence is established. *Caldwell*, 975 S.W.2d at 537.

*Issues*

In her first issue, Singh complains that the trial court's bill-of-review denial was improper because no evidence controverts her assertion that she was not served by first-class mail. Singh complains about the order granting substitute service by mail and then, in a footnote, contends that although the order granting substitute service is in the trial court's file, she is unable to "attach a copy as an Exhibit" because she did not receive a copy of the order. We do not consider matters outside the appellate record. *See Fox v. Wardy*, 234 S.W.3d 30, 33 (Tex.App. – El Paso 2007, pet. dism'd w.o.j.). As the party seeking review, it was Singh's burden to ensure that a sufficient

record is presented to show error. *Retzlaff v. Mendieta-Morales*, 356 S.W.3d 676, 679-80 (Tex.App. – El Paso 2011, no pet.). This she did not do.

Texas Rule of Civil Procedure 106 permits a court to order a substitute method of service. TEX. R. CIV. P. 106(b). Rule 107 requires that proof of such service be made in the manner ordered by the court. TEX. R. CIV. P. 107(f). It is evident that, during the bill-of-review hearings, the trial court took judicial notice of both the order for substituted service and the process server's return of service, and concluded therefrom that substitute service was accomplished by mail sent to Singh's proper address in accordance with the directives of the trial court's order. The record on appeal shows that the trial court reviewed the legal authority and arguments presented by both parties, considered the rules governing the facts and legal issues, and judicially noticed the relevant records and proceedings, including the request for substituted service. The trial court also noted that Singh had not attacked in any way the evidence showing that substitute service had been accomplished as directed in the trial court's order. Under these circumstances, we cannot say that the trial court acted in an unreasonable or arbitrary manner or without reference to any guiding rules and principles. *Beaumont Bank,* 806 S.W.2d at 226. Because there is no affirmative showing that the trial court abused its discretion in denying Singh's bill of review, and because we indulge every presumption in favor of the trial court's ruling, Issue One is overruled. *Nguyen,* 93 S.W.3d at 293.

In her second issue, Singh contends that Trinity's substitute service by "mail was void and of no effect because Trinity failed to controvert evidence of non-service" and that the record is "devoid of any proof of a return of service demonstrating that Trinity precisely followed the court's order of [substitute] service by means reasonably calculated to provide actual notice." Singh also complains that the trial court's reliance upon *State Farm Fire and Cas. Co. v. Costley*,

is misplaced, and argues that the trial court abused its discretion when it denied her petition for a bill of review.  *State Farm Fire and Cas. Co. v. Costley*, 868 S.W.2d 298 (Tex. 1993).

Again, although the record on appeal does not contain a copy of the trial court's order for substituted service or return of service, the trial court judicially noticed both documents and determined that service was accomplished as directed by the court and as permitted by Rules 106 and 107.  TEX. R. CIV. P. 106(b), 107.   Again, it was Singh's burden, as the party seeking review, to ensure that a sufficient record is presented to show error on appeal.  *Retzlaff*, 356 S.W.3d at 679-80.   Although acknowledging that the relevant documents were in the trial court's file, Singh has failed to include them as part of the appellate record for our consideration.

Moreover, we disagree with Singh's assertion that the trial court improperly relied upon the Supreme Court's ruling in *Costley* as urged by Trinity.  *Costley*, 868 S.W.2d at 298.   In *Costley*, State Farm made multiple attempts to personally serve Costley before requesting substituted service under Rule 106(b).  TEX. R. CIV. P. 106(b); *Costley*, 868 S.W.2d at 298.   The trial court authorized substitute service by first class mail, both with and without return receipt, and State Farm filed a return of service identifying that service was achieved in the manner directed by the court.  *Costley*, 868 S.W.2d at 298.   When Costley failed to answer, the trial court entered a default judgment against him.  *Id.*   The appellate court reversed the judgment upon concluding that the substituted service by mail did not show when Costley actually received the notice.  *Id.* The Supreme Court thereafter reversed the appellate court, explaining that requiring proof of actual notice upon substituted service would frustrate the purpose of Rule 106(b) because the rule contemplates procedures that will not necessarily provide a party with actual notice.  *Costley*, 868 S.W.2d at 299.   Because State Farm presented evidence to the trial court to establish Costley's mailing address, the Supreme Court held that the evidence was sufficient "to establish that notice

8

sent to [the] address would be reasonably effective to give Costley notice of the suit," and determined that the trial court properly authorized substitute service by first-class mail. *Costley*, 868 S.W.2d at 299.

We conclude the trial court properly relied upon and was correct to follow the Supreme Court's analysis in *Costley* in denying Singh's bill of review. *Costley*, 868 S.W.2d at 299; *Beaumont Bank,* 806 S.W.2d at 226; *Nguyen,* 93 S.W.3d at 293. Because the trial court did not abuse its discretion, Issue Two is overruled.

In her last issue, Singh contends that the trial court's denial of her petition for bill of review was an abuse of discretion because she presented to the trial court evidence constituting a prima facie showing of extrinsic fraud in the procurement of the underlying judgment. Because we have determined that Trinity achieved substituted service on Singh, Singh was not relieved from pleading and proving in support of her petition for bill of review (1) a meritorious defense to the cause of action alleged to support the judgment, (2) that she was prevented from making by the fraud, accident or wrongful act of her opponent, (3) unmixed with any fault or negligence of her own. *Caldwell*, 975 S.W.2d at 537.

Although presented on appeal, Singh did not present an extrinsic-fraud complaint to the trial court. To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. TEX. R. APP. P. 33.1(a); *see also* TEX. R. EVID. 103(a)(1); *In re D.E.H*., 301 S.W.3d 825, 827-28 (Tex. App. – Fort Worth 2009, pet. denied). If a party fails to do this, error is not preserved and the complaint is waived. *Bushell v. Dean,* 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g). The complaint on appeal must be the same as that presented in the trial court. *See Banda v. Garcia,* 955 S.W.2d 270, 272 (Tex.

9

1997). An appellate court cannot reverse based on a complaint not raised in the trial court. *Id.* Therefore, because no extrinsic-fraud complaint was placed before the trial court for its consideration, Singh has waived the complaint on appeal.

In her petition, Singh alleged that Trinity had conducted a wrongful act by negotiating a settlement with her while also pursuing a default judgment, and prevented her from knowing of the need to present a meritorious defense to Trinity's claims. In her supplement to the petition, Singh contended that due to a discrepancy between the amount Trinity billed and the amount Singh believed she owed, a question regarding actual damages should be tried to a jury.

As raised by her petition, Singh contends on appeal that Trinity's purported settlement negotiations with Azle while seeking a default judgment constituted a wrongful act, prevented her from knowing that she needed to present meritorious defenses to the lawsuit, and led her husband to believe that there was no need to inform Singh of either the dispute between the parties or of her need to present any defenses. Singh also contends that her failure to appear was not a result of her own fault but due to the fact that she was out of the country when suit was filed, substitute service was mailed, and default judgment was entered.

In support of her wrongful-act contentions, Singh presented her husband Paul's affidavit. In his affidavit, Paul states that, without informing Singh, he represented Azle and negotiated a settlement with Trinity without the assistance of counsel and believed that his negotiations had settled this lawsuit. Paul asserts that he made full payment to Trinity on behalf of Azle but never informed Singh of the negotiations, payments, or purported settlement of the lawsuit. After his counsel, Margolis, informed Paul that Trinity would need to file a dismissal with prejudice under such circumstances, Paul states that he did not understand that he needed to take additional action. After learning of the default judgment in August 2009, Paul states that he did not inform Singh of

10

the judgment entered against her.

In her supporting affidavit, Singh states she was not involved in any contracts or negotiations on behalf of Azle and blames her failure to appear both on Trinity's failure to properly serve her and its obtaining a default judgment in violation of the "settlement agreement" between Azle and Trinity. Singh's bill-of-review petition is also supported by a document entitled "Unconditional Waiver and Release Upon Progress Payment," which was executed on May 18, 2009, and notes that "[r]emaining payment on the contract will be made when the project is 100% complete and functional with all state and city permits approved." The document identifies Trinity as the "Lien Claimant." In its July 6, 2009, default judgment in favor of Trinity, the trial court found that Trinity had a valid mechanic's lien against Azle's real property for $65,000 with 5 percent interest, which was recorded on March 4, 2009.

Trinity does not concede that a settlement agreement was executed and argues that if such settlement agreement exists and was breached by Trinity's obtaining a default judgment, Singh's adequate remedy at law is an action for breach of contract. Trinity properly notes that the sole relief available to a bill-of-review petitioner is to be returned to the status quo before the original default judgment was entered. *Caldwell*, 154 S.W.3d at 98.

Although a bill of review is an equitable proceeding, the occurrence of an injustice is not sufficient to justify relief by bill of review. *See Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999); *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996, 998 (1950). If legal remedies were available but ignored, relief by equitable bill of review is unavailable. *See Caldwell,* 975 S.W.2d at 537.

Based upon the record before us, we find that Singh has failed to make an affirmative showing that the trial court abused its discretion by denying her petition for bill of review.

*Nguyen,* 93 S.W.3d at 293.  Nor has Singh sufficiently proven a meritorious defense to the cause of action alleged to support the judgment, that she was prevented from making by the fraud, accident or wrongful act of her opponent, unmixed with any fault or negligence of her own. *Caldwell*, 975 S.W.2d at 537, *citing Transworld*, 722 S.W.2d at 408.  Issue Three is overruled.

## CONCLUSION

The trial court's judgment is affirmed.


                                        GUADALUPE RIVERA, Justice

February 27, 2013

Before McClure, C.J., Rivera, and Antcliff, JJ.
Antcliff, J., not participating

12