

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | | |
|---|---|---|---|
| JD AUTO CORP., | § | No. 08-22-00187-CV | |
| Appellant, | § | Appeal from the | |
| v. | § | 384th Judicial District Court | |
| MICHAEL H. BELL, | § | of El Paso County, Texas | |
| Appellee. | § | (TC# 2021DCV0743) | |

## **CONCURRING OPINION**

I agree with the majority's conclusion that the trial court never acquired personal jurisdiction over JD Auto prior to issuing the default judgment, and the default judgment is therefore void as a matter of law. However, I write separately because, in the collateral attack analysis, my opinion would begin where the majority opinion could have ended—in concluding Bell failed to exercise reasonable diligence so as to justify substituted service.[1] That is, even assuming without deciding that: (1) Bell exercised reasonable diligence in attempting to personally serve JD Auto's authorized agent so as to justify substituted service; and (2) Bell posted notice at the courthouse in compliance with the trial court's substituted service order, JD Auto's collateral

---

[1] *See In re E.R.*, 385 S.W.3d 552, 564 (Tex. 2012) ("If personal service can be effected by the exercise of reasonable diligence, substitute service is not to be resorted to.") (quoting *Sgitcovich v. Sgitcovich*, 241 S.W.2d 142, 147 (Tex. 1951)).

attack succeeds because, even though approved by the trial court,[2] the form of substituted service effected in this case was constitutionally infirm.

Texas Rule of Civil Procedure 106(b)(2) does a fine job of encapsulating the bedrock due process principle articulated by the U.S. Supreme Court in *Mullane. See Retzlaff v. GoAmerica Commc'ns Corp.*, 356 S.W.3d 689, 695 (Tex. App.—El Paso 2011, no pet.) (recognizing that even when substituted service is appropriate, due process requires notice to "be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections") (quoting *Mullane*, 339 U.S. at 314). To meet that standard, Bell would have had to produce evidence showing that the chosen option of posting at the courthouse was reasonably calculated to apprise JD Auto of the suit. *See Mullane*, 339 U.S. at 314. Bell presented no such evidence.

Accordingly, even if we were to determine that Bell exercised reasonable diligence in attempting to serve Dick and substituted service could "be resorted to," the choice to singularly post at the courthouse constituted constitutionally deficient substitute service. *See In re Miramontes*, 648 S.W.3d 590, 601 (Tex. App.—El Paso 2022, no pet.) ("While the sufficiency of notice is fact-specific to each case, if notice is not meaningful, constitutional due process requirements are not satisfied.").[3] Additionally, there is nothing on the record to indicate that

---

[2] Bell points to our opinion in *Singh* to urge that service by posting was sufficient because it complied with the trial court's substituted service order. *See Singh v. Trinity Marketing & Distributing Co., Inc.*, 397 S.W.3d 257, 263–64 (Tex. App.—El Paso 2013, no pet.). However, in *Singh*, the court-authorized substituted service method effected was first-class mail, a method not determined to be constitutionally infirm in that case. *Id.* at 260. In this case, the court-authorized substituted service method effected was itself constitutionally infirm, making compliance with the trial court's substituted service order immaterial in terms of the notice-by-posting choice.

[3] In its supplemental briefing, Bell continues to urge us to interpret "consideration of all the circumstances" in the "reasonably calculated" test to include extrinsic evidence presented at the bill-of-review proceeding, which Bell indicates included "the defendant's own acts that prevent[ed] service" and "Bell's posting of notice at J.D. Auto headquarters in addition to the courthouse posting." But we do not consider extrinsic evidence in the collateral attack, except as specified in *Mitchell* with respect to public records. Here, Holt-Shirley's return of service indicated only that Bell served JD Auto by posting at the courthouse; it was not amended prior to the default judgment and no proof of service through another method was presented prior to the trial court issuing the default judgment. And as to the

posting at the courthouse alone was not "substantially less likely to bring home notice than other of the feasible and customary substitutes."[4] *Mitchell v. MAP Res., Inc.*, 649 S.W.3d 180, 189 (Tex. 2022) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 315 (1950)).

In light of Texas law, and with modern society offering myriad ways to effectively reach a known defendant with an operating business at a known address through a named registered agent,[5] trial courts should be wary of approving any proposed order for substituted service under Rule 106(b) that includes the singular choice of effecting service solely by posting at the courthouse in similar situations.[6]

Because JD Auto has conclusively established it was not served in accordance with constitutional due process requirements in the underlying case, I join the majority in reversing the trial court's grant of summary judgment in Bell's favor and rendering summary judgment in JD Auto's favor based on its collateral attack.

---

defendant's authorized agent's acts, the only evidence before the trial court at the relevant time was Holt-Shirley's affidavit detailing his attempts to personally serve Dick.

[4] Bell argues that the *Mullane* dicta upon which the Texas Supreme Court relies in *Mitchell* has been abrogated by *Dusenbery v. U.S.*, 534 U.S. 161, 163 (2002) in so far as there is no hierarchy or comparison of service methods and instead the reasonableness of "any chosen method . . . on the ground that it is in itself reasonably certain to inform those affected" may be defended. Even if that were the case and we were to disregard the Texas Supreme Court precedent by which we are bound, regardless of whether posting was "substantially less likely to bring home notice than other of the feasible and customary substitutes," service by posting at the courthouse on its own in this case fails to meet due process requirements, as required by Rule 106(b)(2) and the holding in *Mullane* and its Texas progeny.

[5] Although not applicable to the present case, Rule 106(b)(2)'s 2020 revisions reflect some of these modern channels by expressly naming potential electronic service methods such as "social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit." *See* TEX. R. CIV. P. § 106 comment to 2020 change ("Rule 106 is revised in response to section 17.033 of the Civil Practice and Remedies Code, which calls for rules to provide for substituted service of citation by social media. Amended Rule 106(b)(2) clarifies that a court may, in proper circumstances, permit service of citation electronically by social media, email, or other technology. In determining whether to permit electronic service of process, a court should consider whether the technology actually belongs to the defendant and whether the defendant regularly uses or recently used the technology.").

[6] It is noteworthy that even in the federal cases the dissent cites where the defendants, through their actions, made personal service effectively impossible and alternative service was deemed constitutionally sufficient, service was effected by mail or email *in addition to* posting or publication.

LISA J. SOTO, Justice

October 13, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.