COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | | |
|---|---|---|---|
| JD AUTO CORP., | § | No. 08-22-00187-CV | |
| Appellant, | § | Appeal from the | |
| v. | § | 384th Judicial District Court | |
| MICHAEL H. BELL, | § | of El Paso County, Texas | |
| Appellee. | § | (TC# 2021DCV0743) | |

## SUBSTITUTE CONCURRING OPINION

I agree with the majority opinion's determination that JD Auto conclusively established the trial court never acquired personal jurisdiction over it prior to issuing the default judgment, and the default judgment is therefore void as a matter of law. However, I write separately because, in the collateral attack analysis, my opinion would begin where the majority opinion could have ended—in concluding Bell failed to exercise reasonable diligence so as to justify substituted service.[1] *See In re E.R.*, 385 S.W.3d 552, 564 (Tex. 2012) ("[i]f personal service can be effected by the exercise of reasonable diligence, substitute service is not to be resorted to" (quoting *Sgitcovich v. Sgitcovich*, 241 S.W.2d 142, 147 (Tex. 1951))). That is, assuming without deciding that: (1) Bell exercised reasonable diligence in attempting to personally serve JD Auto's authorized agent so as to justify substituted service; and (2) Bell posted notice at the courthouse in compliance

---

[1] Like the majority, I reach only the collateral attack—not the direct attack—and thus my review is limited to the record before the trial court at the time it rendered the challenged default judgment. *Topletz v. Wadle*, No. 05-21-00047-CV, 2023 WL 154878, at *5 (Tex. App.—Dallas Jan. 11, 2023, no pet.) (mem. op.).

with the trial court's substituted service order, JD Auto's collateral attack succeeds because, even though approved by the trial court,[2] the form of substituted service effected in this case was constitutionally infirm.

As to substituted service, Texas Rule of Civil Procedure 106(b)(2) does a fine job of encapsulating the bedrock due process principle articulated by the U.S. Supreme Court in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950). *See Retzlaff v. GoAmerica Commc'ns Corp.*, 356 S.W.3d 689, 695 (Tex. App.—El Paso 2011, no pet.) (recognizing that even when substituted service is appropriate, due process requires notice to be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" (quoting *Mullane*, 339 U.S. at 314)). Under Rule 106(b)(2), the trial court may authorize service in a manner that the sworn statement or other evidence accompanying a motion for substituted service "shows will be reasonably effective to give the defendant notice of the suit." Tex. R. Civ. P. 106(b)(2).

Here, the trial court signed the order allowing posting at the courthouse even though Bell did not produce a sworn statement or other evidence showing that posting at the courthouse would have been "reasonably effective to give [JD Auto] notice of the suit." *Id.*; *see also Mullane*, 339 U.S. at 314. Accordingly, even if we were to determine that Bell exercised reasonable diligence in attempting to serve Dick and substituted service could be resorted to, the choice to singularly post at the courthouse constitutes constitutionally deficient substitute service. *See In re Miramontes*, 648 S.W.3d 590, 601 (Tex. App.—El Paso 2022, no pet.) ("While the sufficiency of notice is fact-

---

[2] Bell points to our opinion in *Singh* to urge that service by posting was sufficient because it complied with the trial court's substituted service order. *See Singh v. Trinity Marketing & Distributing Co., Inc.*, 397 S.W.3d 257, 263–64 (Tex. App.—El Paso 2013, no pet.). However, in *Singh*, the court-authorized substituted service method effected was first-class mail, a method not determined to be constitutionally infirm in that case. *Id.* at 260. In this case, the court-authorized substituted service method effected was itself constitutionally infirm, making compliance with the trial court's substituted service order immaterial in terms of the notice-by-posting choice.

specific to each case, if notice is not meaningful, constitutional due process requirements are not satisfied.").[3] In situations involving a known defendant with an operating business at a known address with a named registered agent, and with all of the service methods modern day society facilitates, parties should be wary of moving the trial court to approve substituted service solely by posting at the courthouse.[4]

To be sure, service by posting is not per se unconstitutional. *See Gill v. Hill*, 688 S.W.3d 863, 871 (Tex. 2024) ("If the evidence shows that Gill was nowhere to be found after a diligent inquiry, then alternative service by posting may have sufficed."). But "[t]he inquiry undergirding the adequacy of due process is individualized to the circumstances of the person to whom notice is directed."[5] *Id.* Under the circumstances in this case, notice by posting at the courthouse was not meaningful but rather "a mere gesture." *Mullane*, 339 U.S. at 315. Because JD Auto has conclusively established it was not served in accordance with constitutional due process requirements in the underlying case, I join the majority in reversing the trial court's grant of summary judgment in Bell's favor and rendering summary judgment in JD Auto's favor based on its collateral attack.

---

[3] In supplemental briefing, Bell continues to urge us to interpret "consideration of all the circumstances" in the "reasonably calculated" test to include extrinsic evidence presented at the bill-of-review proceeding, which Bell indicates included "the defendant's own acts that prevent[ed] service" and "Bell's posting of notice at J.D. Auto headquarters in addition to the courthouse posting." But we do not consider extrinsic evidence in the collateral attack, aside from exceptions involving public records not applicable here. *See Mitchell v. MAP Res., Inc.*, 649 S.W.3d 180, 191 (Tex. 2022) (holding a court hearing a collateral attack may consider as part of the record public records containing the address of defendant served by publication or posting). Here, Holt-Shirley's return of service indicated only that Bell served JD Auto by posting at the courthouse; it was not amended prior to the default judgment and no proof of service through another method was presented prior to the trial court issuing the default judgment. And as to the defendant's authorized agent's acts, the only evidence before the trial court at the relevant time was Holt-Shirley's affidavit detailing his attempts to personally serve Dick.

[4] It is noteworthy that even in the federal cases the dissent cites where the defendants, through their actions, made personal service effectively impossible and alternative service was deemed constitutionally sufficient, service was effected by mail or email *in addition to* posting or publication.

[5] To that end, I refrain from exploring or suggesting any preferences between constitutionally sufficient methods of service. In the collateral attack of the default judgment before us, our task is only to determine whether JD Auto conclusively proved that Bell's chosen method of service was constitutionally insufficient.

LISA J. SOTO, Justice

August 26, 2024

Before Alley, C.J., Palafox and Soto, JJ., and Rodriguez, C.J. (Senior Judge) (en banc)
Soto, J., concurring
Rodriguez, C.J. (Senior Judge), dissenting