

# NUMBER 13-25-00233-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE INTEREST OF S.L., A CHILD

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 5
## OF NUECES COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and West**
**Memorandum Opinion by Justice Peña**

Appellant S.L. (Father) appeals a judgment terminating the parental rights to his daughter S.L. (Daughter) following a jury trial.[1] By three issues, Father argues that (1) there is legally and factually insufficient evidence supporting termination of his

---

[1] To protect the identity of minor children in an appeal from an order terminating parental rights, parents and children are referred to by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d). Because the father and child share the same initials, we refer to them as "Father" and "Daughter."

parental rights, (2) the trial court abused its discretion by admitting highly prejudicial evidence, and (3) cumulative evidentiary errors and flawed jury instructions deprived him of due process. Appellee, the Texas Department of Family and Protective Services (the Department), argues, among other things, that Father failed to preserve these issues for appellate review. We affirm.

## I.  BACKGROUND

On October 17, 2023, the Department filed a petition seeking to terminate V.G.'s[2] and Father's parental rights to Daughter, who was a year old at the time of trial. The petition was accompanied by an affidavit in support of removal alleging, among other things, neglectful supervision. According to the affidavit, both V.G. and Father had a prolonged history of drug usage and had previously failed to cooperate with the Department in an unrelated case. On October 19, 2023, the trial court granted the Department temporary managing conservatorship of Daughter.

The case proceeded to a jury trial on April 17, 2025. At trial, Emily Hernandez testified that she is a conservatorship specialist with the Department who was the caseworker for Daughter's case. Hernandez testified that Father's noncompliance with a family plan of service in a separate case was one of the reasons the Department petitioned for removal. Specifically, Hernandez testified that Father failed to provide an adequate plan of care for his medically fragile twins and screened positive for cocaine. Concerning drug usage, Hernandez testified that substance abuse counseling was included in Father's plan of service because Father had screened positive in a previous case and continued to screen positive in Daughter's case. When Father took the stand,

---

[2] V.G. is the biological mother of Daughter. V.G.'s parental rights were also terminated. She is not a party to this appeal.

the following exchange occurred with the Department's counsel:

| | |
|---|---|
| [Department's counsel]: | So, where did you sell the drugs out of? |
| [Father]: | Do I have to answer that, Your Honor? |
| THE COURT: | You have to answer the question minus objection. |
| [Father's counsel:] | I'm going to object to relevance, Judge. I'm not sure what that matters. |
| [Department's counsel]: | Your Honor, it is relevant as to where the kids were. |
| THE COURT: | Overruled on relevance. |

Hernandez also testified that while Father claimed to own his own companies, he failed to provide proof of employment. Considering Father's past drug usage, Hernandez testified that the lack of verification was concerning to the Department. Hernandez further testified that Father's housing situation was unstable, as he had gone from living in a trailer to moving into his mother's apartment. Father failed object to this testimony. The Department also offered into evidence a copy of a prior parental termination order to Father's twin children without objection. Hernandez later testified that the Department had ongoing concerns with Father's lifestyle, including an arrest for aggravated sexual assault. Father's counsel objected on the grounds that such testimony was highly prejudicial and outweighed any probative value but was overruled.

Subsequently, the jury found by clear and convincing evidence that Father: (1) knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child; (2) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child;

3

(3) contumaciously refused to submit to a reasonable and lawful order of a court; (4) failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the temporary managing conservatorship of the Department;[3] (5) used a controlled substance in a manner that endangered the health or safety of the child and failed to complete a court-ordered substance abuse treatment program, and (6) termination is in the child's best interest. TEX. FAM. CODE ANN. §§ 161.001(b)(1)(D), (b)(1)(E), (b)(1)(I), (b)(1)(O), (b)(2). This appeal followed.

## II.     SUFFICIENCY OF THE EVIDENCE

By his first issue, Father contends that the "evidence was legally and factually insufficient to support termination of [his] parental rights under Tex[as] Fam[ily] Code § 161.001." Specifically, Father complains that the Department did not prove by clear and convincing evidence a statutory ground listed in § 161.001(b)(1) or that termination was in Daughter's best interest. The Department asserts that Father failed to preserve error for appellate review.

Following a jury trial, a challenge to the legal sufficiency of the evidence must be preserved in one of five ways: "(1) a motion for instructed verdict; (2) a motion for judgment notwithstanding the verdict (JNOV); (3) an objection to the submission of the question to the jury; (4) a motion to disregard the jury's answer to a vital fact question; or (5) a motion for new trial." *In re D.T.*, 593 S.W.3d 437, 439 (Tex. App.—Texarkana 2019),

---

[3] We note the legislature has repealed subsection (O) effective September 1, 2025. H.B. 116, Act of May 28, 2025, 89th Leg., R.S., ch. 211, § 2, sec. 161.001, 2025 Tex. Sess. Law Serv. The repeal applies to suits affecting parent-child relationships pending in the trial court on the effective date. Because the notice of appeal was filed prior to the effective date of HB 116, subsection (O) remains in effect for the purpose of this appeal.

4

*aff'd*, 625 S.W.3d 62 (Tex. 2021) (citations omitted); *see* TEX. R. APP. P. 33.1(a); *see also In re E.M.*, No. 13-24-00009-CV, 2024 WL 2340833, at *1 (Tex. App.—Corpus Christi–Edinburg May 23, 2024, no pet.) (mem. op.) (same).

Further, the Texas Rules of Civil Procedure require that a party file a motion for new trial as a prerequisite for a "complaint of factual insufficiency of the evidence to support a jury finding." TEX. R. CIV. P. 324(b)(2); *see In re J.M.S.*, 43 S.W.3d 60, 62 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (applying rule of civil procedure 324 to a parental termination case) (citing *Cecil v. Smith*, 804 S.W.2d 509, 510 (Tex. 1991)). "[A]llowing appellate review of unpreserved error would undermine the Legislature's intent that cases terminating parental rights be expeditiously resolved, thus promoting the child's interest in a final decision and thus placement in a safe and stable home." *In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003) (cleaned up).

It is undisputed that Father failed to file or otherwise make any of the aforementioned motions. *See In re D.T.*, 593 S.W.3d at 439; *see also In re E.M.*, 2024 WL 2340833, at *1. Nor does Father address the preservation issue by arguing that counsel unjustifiably failed to preserve error. *See In re J.P.B.*, 180 S.W.3d 570, 574 (Tex. 2005) (noting that "the court of appeals may review the factual sufficiency of the evidence in a parental termination case—even if a party failed to preserve error in the trial court—if the parent's counsel unjustifiably failed to preserve error" but finding that appellant failed to preserve error because she "never alleged in either the court of appeals or in this Court that her counsel unjustifiably failed to preserve error").

Because Father failed to preserve his complaints of legal and factual evidentiary sufficiency as to the jury's grounds for termination and best interest findings, we overrule

his first issue. *See In re D.T.*, 593 S.W.3d at 439 (overruling appellant's legal and factual sufficiency complaints in a parental termination case because she failed to file or otherwise make any of the requisite motions or objections to preserve error); *In re A.L.*, 486 S.W.3d 129, 129–30 (Tex. App.—Texarkana 2016, no pet.) (overruling appellant's argument "that the evidence is legally and factually insufficient to support the jury's finding that termination of her parental rights was in the child's best interest" because appellant did not preserve error by taking the requisite actions specified above); *see also In re J.A.V.*, No. 04-19-00455-CV, 2019 WL 6887709, at *1 (Tex. App.—San Antonio Dec. 18, 2019, pet. denied) (mem. op.) (overruling appellant's legal and factual sufficiency complaints because she did not challenge the jury's findings in any of the manners specified above); *In re E.M.*, 2024 WL 2340833, at *1 (same).

### III.    PREJUDICIAL EVIDENCE

By his second issue, Father raises several sub-issues, contending that the trial court abused its discretion "by admitting highly prejudicial evidence, including a prior termination, a dismissed criminal charge, and references to [his] poverty" in "violat[ion of] Rule 403 of the Texas Rules of Evidence." Again, the Department argues that Father failed to preserve error.

### A.    Evidence Regarding Poverty and Prior Termination

By his first sub-issue, Father complains that the admission of his "lack of proof of income, inability to complete services, and unstable housing," and prior termination of his parental rights to his twin children violated Rules 403 and 404(b) of the Texas Rules of Evidence.

Generally, if the appellant does not make an objection during trial, he cannot object

6

for the first time on appeal. *See* TEX. R. APP. P. 33.1(a). A trial court must be presented with a timely request, objection, or motion setting forth the specific grounds for the requested ruling, unless such grounds are "apparent from the context of the request, objection, or motion." *Singh v. Trinity Mktg. & Distrib. Co.*, 397 S.W.3d 257, 264 (Tex. App.—El Paso 2013, no pet.); *see also Levine v. Steve Scharn Custom Homes, Inc.*, 448 S.W.3d 637, 656 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). "If a party fails to do this, error is not preserved, and the complaint is waived." *Singh*, 397 S.W.3d at 264; *see In re J.R.P.*, 526 S.W.3d 770,780 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (finding that appellant failed to preserve error when she did not object or file a bill of exception to complained of evidence at trial).

Here, Hernandez testified about Father's inability to show satisfactory proof of income and testified that Father's housing situation was unstable, as he had gone from living in a trailer to moving into his mother's apartment. However, Father failed object to this testimony. The Department also offered into evidence a copy of a prior parental termination order to Father's twin children. In response, Father's counsel stated, "No objections, Judge." Therefore, error was not preserved for our appellate review, and the complaint is waived. *See e.g.*, *Singh*, 397 S.W.3d at 264. We overrule Father's first sub-issue.

## B.    Evidence Regarding Prior Drug Usage

By his second sub-issue, Father argues that "[s]peculative testimony about drug sales . . . . [S]hould have been excluded under Rules 403 and 404(b) of the Texas Rules of Evidence."

To preserve a complaint for appellate review, an appellant is required to raise the

7

same objection in the trial court that they raise on appeal. *See* Tᴇx. R. Aᴘᴘ. P. 33.1(a); *Patriot Contracting, LLC v. Shelter Prods., Inc.*, 650 S.W.3d 627, 650 (Tex. App.—Houston [1st Dist.] 2021, pet. denied) (citing *Benson v. Chalk*, 536 S.W.3d 886, 895–96 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) ("To preserve error for our review, an appellant's complaint on appeal must comport with [its] object in the trial court.")).

When Hernandez was asked about Father testing positive on a drug screen, his counsel objected that Hernandez was not qualified as an expert to testify about the positive drug results, that the results were irrelevant, that the results were hearsay, and that Hernandez lacked personal knowledge. These objections were overruled by the trial court. Moreover, the Department asked Father about his prior history with selling drugs. Father's counsel only raised a relevance objection, which was overruled by the trial court. None of the objections to the complained of testimony lodged at trial comport with Father's complaint on appeal that the testimony was unfairly prejudicial and improper character evidence. *Cf.* Tᴇx. R. Eᴠɪᴅ. 402 (irrelevant evidence inadmissible), *with id.* R. 403 (relevant evidence may be inadmissible if "probative value is substantially outweighed by a danger of . . . unfair prejudice" or "misleading the jury") *and id.* R. 404(b) (evidence of a crime or wrong is inadmissible to prove conformity with character); *see also Rhodes v. Batilla*, 848 S.W.2d 833, 847 (Tex. App.—Houston [14th Dist.] 1993, writ denied) (objections at trial of "hearsay," "extraneous" and "irrelevant" did not preserve a Rule 403 appellate complaint); *In re Commitment of Parfait*, No. 13-20-00277-CV, 2021 WL 38669743, at *7 (Tex. App.—Corpus Christi–Edinburg Aug. 31, 2021, no pet.) (mem. op.) (objections to relevance of evidence at trial did not comport with complaints of undue prejudice on appeal).

To preserve his complaint for appeal Father was required to raise a Rule 403 and Rule 404(b) objection at trial, which he failed to do. *See* TEX. R. EVID. 403, 404. Because Father's appellate complaint does not comport with the objections raised at trial, Father's complaint has not been preserved for review. *See* TEX. R. APP. P. 33.1(a); *see also Patriot Contracting*, 650 S.W.3d at 650. We overrule Father's second sub-issue.

## C.      Evidence Regarding Prior Criminal Charge

By his third sub-issue, Father argues that the "dismissed aggravated sexual assault charge. . . . [S]hould have been excluded under Rules 403 and 404(b) of the Texas Rules of Evidence."

Even though a party objects to certain evidence, prior or subsequent presentation of essentially the same evidence without objection generally results in waiver of the error. *Volkswagen of Am., Inc. v. Ramirez*, 159 S.W.3d 897, 907 (Tex. 2004) ("The general rule is error in the admission of testimony is deemed harmless and is waived if the objecting party subsequently permits the same or similar evidence to be introduced without objection."); *JNM Express, LLC v. Lozano*, 627 S.W.3d 682, 697 (Tex. App.—Corpus Christi–Edinburg 2021)*, rev'd on other grounds*, 688 S.W.3d 327 (Tex. 2024).

Here, the record demonstrates that Father did not raise any Rule 404(b) objections to testimony regarding his dismissed criminal charge. Thus, Father's complaint concerning Rule 404(b) is not preserved for appellate review. *See Singh*, 397 S.W.3d at 264; TEX. R. APP. P. 33.1(a); TEX. R. EVID. 404(b). Moreover, when the Department initially questioned Hernandez about Father's dismissed criminal charge for aggravated sexual assault, Father's counsel objected on the grounds that it was "highly prejudicial and . . . outweigh[ed] any probative value" but the objection was overruled. *See* TEX. R.

EVID. 403. Subsequently, there were three more occasions in which Hernandez testified regarding Father's dismissed criminal charge. However, Father failed to reassert a Rule 403 objection and never obtained a running objection. Thus, despite Father's initial Rule 403 objection, the complained of evidence was subsequently presented without objection. *See Ramirez*, 159 S.W.3d at 907. Consequently, Father failed to preserve his complaint. *See id.* We overrule Father's third sub-issue and the entirety of his second issue.

## IV. DUE PROCESS

By his third issue, Father contends that "cumulative evidentiary errors and flawed jury instructions deprived [him] of due process." The Department argues that error was not preserved.

A party waives the right to raise a constitutional claim such as due process on appeal if the claim is not presented to the trial court. *Holden v. Holden*, 456 S.W.3d 642, 653 (Tex. App.—Tyler 2015, no pet.) (citing *Dryer v. Greene*, 871 S.W.2d 697, 698 (Tex. 1993)); *Kaufman v. Comm'n for Law. Discipline*, 197 S.W.3d 867, 875 (Tex. App.—Corpus Christi–Edinburg 2006, pet. denied). Even in the context of termination cases, "adhering to our preservation rules isn't a mere technical nicety, the interests at stake are too important to relax rules that serve a critical purpose." *In re L.M.I.*, 119 S.W.3d at 708.

### A. Jury Charge

In one sub-issue, Father argues that the jury charge and instructions "omitted critical guidance." Specifically, Father argues that the charge "did not instruct the jury that past endangerment must be connected to a current or future risk." However, Rule 272 of the Texas Rules of Civil Procedure states that "[a]ll objections [to the jury charge] not so presented [in writing or dictated into the record] shall be considered as waived." TEX. R.

CIV. P. 272; *see also id.* R. 274 ("Any complaint as to a question, definition, or instruction, on account of any defect, omission, or fault in pleading, is waived unless specifically included in the objections."). The Texas Supreme Court has noted that a complaint about the jury charge is waived unless the trial court is made aware of the complaint through a timely objection and a ruling is obtained, even in termination proceedings. *See In re B.L.D.*, 113 S.W.3d 340, 349 (Tex. 2003); *In re A.V.*, 113 S.W.3d 355, 363 (Tex. 2003). The record demonstrates that Father did not object orally or in writing to the jury charge or its instructions during the charge conference. *See* TEX. R. CIV. P. 272. Therefore, Father's complaint is waived. *See In re B.L.D.*, 113 S.W3d at 349; *In re A.V.*, 113 S.W.3d at 363. We overrule Father's first sub-issue.

B.     **Admitted Evidence**

In a second sub-issue, Father argues that "the Department's improper reliance on poverty and unrelated terminations" "deprived [him] of a fundamentally fair trial." Again, the record demonstrates that Father did not lodge any constitutional complaints during trial.

Despite the preservation issue, Father's brief cites to the Texas Supreme Court's decision in *In re B.L.D.* for the proposition that "constitutional error affecting substantial rights can be considered on appeal even if no objection was made at trial." In that case, the Texas Supreme Court discussed how, in limited circumstances, "fundamental error" allows an appellate court to review error that was not raised at trial. *In re B.L.D.*, 113 S.W.3d at 350. However, it also noted that the doctrine of fundamental error is utilized in rare instances such as when a court lacks jurisdiction and generally only applies to criminal or "quasi-criminal" cases. *Id.* at 350–51. Moreover, the court refused to extend

11

the fundamental error doctrine into the area of parental termination cases. *See id.* (providing that the fundamental-error doctrine generally does not apply to parental rights termination cases because "termination cases do not apply criminal procedural or evidentiary rules").

Because the constitutional argument was not presented to the trial court, and the fundamental error doctrine is inapplicable, Father's due process complaint regarding the admitted evidence has not been preserved for appellate review. *See* TEX. R. APP. P. 33.1(A); *In re B.L.D.*, 113 S.W.3d at 350–51; *In re D.K.*, 696 S.W.3d 787, 793–94 (Tex. App.—Eastland 2024, no pet.) (holding a father's failure to make the trial court aware of his constitutional complaint left nothing for the appellate court to review); *Kaufman*, 197 S.W.3d at 875. We overrule Father's second sub-issue and the entirety of his third issue.

## V.   CONCLUSION

We affirm the trial court's judgment.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
21st day of October, 2025.